UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ERIC WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:21-cv-156-MTS |
| | ) | |
| KILOLO KIJAKAZI, *Acting Commissioner of* | ) | |
| *the Social Security Administration*, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of the final decision of Defendant, the Acting Commissioner of the Social Security Administration, denying the application of Eric Wilson ("Plaintiff") for Disability Insurance Benefits ("DIB").[1] In October 2018, Plaintiff applied for DIB under Title II of the Social Security Act, 42 U.S.C. §§ 401–434 (the "Act"). (Tr. 295). Plaintiff alleges disability due to blindness or low vision, seizures, headaches, dizziness, nervousness, arthritis, diarrhea, and depression with an alleged onset date of October 2018. (Tr. 328). In January 2021, following a hearing, an Administrative Law Judge ("ALJ") issued her decision finding that Plaintiff was not disabled as defined in the Act. (Tr. 44–63). For the following reasons, the Court reverses and remands.

I. **Standard of Review and Legal Framework**

To be eligible for disability benefits, Plaintiff must prove that he is disabled under the Act. *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically

---

[1] Section 405(g) of Title 42 provides for judicial review of the SSA Commissioner's "final decision." After the ALJ concluded Plaintiff was not disabled under the Act, (Tr. 63), the Appeals Council denied Plaintiff's request for review, (Tr. 1–4); thus, the ALJ's decision stands as the Commissioner's final decision.

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d).  A claimant will be found to have a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work" but also unable to "engage in any other kind of substantial gainful work which exists in the national economy." *Id.* at § 423(d)(2)(A).

The Social Security Administration has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). Steps 1–3 require the claimant to prove: (1) he is not currently engaged in substantial gainful activity; (2) he suffers from a severe impairment; and (3) his disability meets or equals a listed impairment.  *Id.* at §§ 404.1520(a)–(d).  If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to Steps 4 and 5.  *Id.* at § 416.920(e).  At this point, the ALJ assesses the claimant's residual functioning capacity ("RFC"), "which is the most a claimant can do despite her limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009); 20 C.F.R. § 404.1545.  The Eighth Circuit has noted that the ALJ must determine a claimant's RFC based on all relevant, credible evidence in the record, including medical records, the observations of treating physicians and others, and the claimant's own description of his symptoms and limitations. *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005).  At Step 4, the ALJ must determine whether the claimant can return to his past relevant work by comparing the RFC with the physical demands of the claimant's past relevant work.  20 C.F.R. § 404.1520(f).  If the ALJ finds at Step 4 that a claimant can return to past relevant work, the claimant is not disabled. *Id.*  If the ALJ finds at Step 4 that a claimant cannot return to past relevant work, the burden shifts at Step 5 to the Administration to establish

that the claimant maintains the RFC to perform a significant number of jobs within the national economy.  *Id.* at § 404.1520(g).

The court's role on judicial review is to decide whether the ALJ's determination is supported by "substantial evidence" on the record as a whole.  *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the ALJ's decision.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Even if substantial evidence would have supported an opposite decision or the reviewing court might have reached a different conclusion had it been the finder of fact, the Court must affirm the Commissioner's decision if the record contains substantial evidence to support it.  *See McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (explaining that if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and even if [the court] may have reached a different outcome"); *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir. 1992) (explaining a court may not reverse merely because substantial evidence would have supported an opposite decision).  The Eighth Circuit has emphasized repeatedly that a court's review of an ALJ's disability determination is intended to be narrow and that courts should "defer heavily to the findings and conclusions of the Social Security Administration."  *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (quoting *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001)).  Despite this deferential stance, a district court's review must be "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision," *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998), and not merely a "rubber stamp," *Cooper v. Sullivan*, 919 F.2d 1317, 1320 (8th Cir. 1990).

## II. The ALJ's Decision

The ALJ's decision in this matter conforms to the five-step process outlined above. At Step 1, the ALJ found Plaintiff did not perform substantial gainful activity ("SGA") during the alleged period of disability. (Tr. 47). At Step 2, the ALJ found Plaintiff had severe impairments of mood disorder/depression, post-traumatic stress disorder ("PTSD"), and a mild neurocognitive disorder. (Tr. 47–51). At Step 3, the ALJ found Plaintiff did *not* have an impairment or combination of impairments that met the severity of a statutorily recognized impairment. (Tr. 51–54). Thus, the ALJ found Plaintiff had the RFC to perform a full range of work with some non-exertional limitations. (Tr. 54–61). At Step 4, the ALJ found Plaintiff could not return to his past relevant work. (Tr. 61). At Step 5, the ALJ considered Plaintiff's age, education, work experience, and RFC and found there were jobs in the national economy that Plaintiff can perform, despite his non-exertional limitations, such as a laundry worker, hand packager, and material mover. (Tr. 62–63). Consequently, the ALJ concluded Plaintiff is not disabled under the Act. (Tr. 63).

## III. Discussion

Plaintiff first argues the ALJ erred when it failed to include a limitation in the RFC of Plaintiff's inability to interact appropriately with supervisors or provide an explanation in the opinion for excluding that limitation. The Court agrees.

Dr. Jerry Cunningham, a consultive psychologist, opined that Plaintiff experienced a "moderate" limitation in his ability to interact appropriately with supervisors and "mild" limitations in his ability to interact with co-workers and the public. (Tr. at 432). The ALJ found "persuasive" Dr. Cunningham's assessment of "no more than moderate problems in [Plaintiff's] ability to interact with others." (Tr. 60). Consistent with this finding, the ALJ limited Plaintiff to "no contact with the public and no more than occasional interaction with coworkers" in the RFC.

4

(Tr. 54). But the ALJ provided no similar[2] limitation in the RFC on Plaintiff's ability to interact with supervisors, despite finding it persuasive.

"Because the ALJ found Dr. [Cunningham's opinion regarding the supervisor limitation] to be persuasive, the ALJ should have included [that] limitations set forth by [Dr. Cunningham.] Alternatively, if the ALJ chose not to include any of [Dr. Cunningham's] limitation[], the ALJ should have explained why any excluded limitation was not adopted. Here, the ALJ failed to do either. Thus, the RFC is not supported by substantial evidence." *Batson v. Kijakazi*, 6:20-cv-03251-WBG, 2022 WL 501405, at *4 (W.D. Mo. Feb. 18, 2022) (remanding on this basis). The ALJ's failure to include the limitation in the RFC or explain her reason for not doing so requires remand.[3] *See, e.g.*, *Lutz v. Kijakazi*, 4:20-cv-1140-SPM, 2022 WL 782300, at *5–6 (E.D. Mo. Mar. 15, 2022) (remanding where the ALJ found an opinion persuasive but failed to include limitations from that opinion in the RFC without explanation); *Erickson v. Kijakazi*, 0:20-cv-1954-JFD, 2022 WL 834513, at *5 (D. Minn. Mar. 21, 2022) (remanding where ALJ found the doctor's opinion persuasive but failed to include a limitation and also failed to explain why the ALJ left the limitation out); *Berry v. Kijakazi*, 4:20-cv-890-RLW, 2021 WL 4459699, at *8–9 (E.D. Mo. Sept. 29, 2021) (same); *Shenise LP v. Saul*, 4:19-cv-2692-JMB, 2020 WL 6799001, at *9 (E.D. Mo.

---

[2] The Court notes a limitation in the frequency with which Plaintiff could interact with the public and coworkers does not address a limitation in the ability to respond appropriately to supervisors. *See, e.g.*, *Shenise LP v. Saul*, 4:19-cv-2692-JMB, 2020 WL 6799001, at *8 (E.D. Mo. Nov. 19, 2020) (finding RFC limitation on interaction with public and coworkers did not account for a limitation in a claimant's ability to interact appropriately with supervisors).

[3] The Court notes Defendant did not refute Plaintiff's argument that the ALJ committed reversible error by failing to address the supervisor limitation set out by Dr. Cunningham. Doc. [8] at 9–10. The Court agrees with Plaintiff that the error here is not harmless. *See Titles II & XVI: Capability to Do Other Work — The Medical-Vocational Rules As a Framework for Evaluating Solely Nonexertional Impairments*, SSR 85-15, 1985 WL 56857 (S.S.A. 1985) (explaining the "ability to respond appropriately to supervision" is one of the "basic mental demands of competitive, remunerative, unskilled work"); *see also Porter v. Berryhill*, 4:17-cv-00072-NKL, 2018 WL 1183400, at *9 (W.D. Mo. Mar. 7, 2018) (explaining ability to interact with supervisors is a basic demand of work and citing to SSR 85-15); *Shenise*, 2020 WL 6799001, at *9 (remanding where ALJ failed to address a doctor's opinion that plaintiff had moderate limitations in the ability to interact appropriately with supervisors and finding exclusion of such limitation not harmless because "the erosion of these basic work-related activities would severely limit the potential occupational base").

Nov. 19, 2020) (same, but specifically failing to accept or reject a doctor's opinion that plaintiff had moderate limitations in the ability to interact appropriately with supervisors).

Because remand is required, the Court does not address the remainder of Plaintiff's arguments. Upon remand, the ALJ must consider all functional limitations set forth in Dr. Cunningham's opinion, and either include those limitations in the RFC or explain why limitations were not included in the RFC.

## Conclusion

For the foregoing reasons, the Court finds that the ALJ's determination is not supported by substantial evidence on the record as a whole. The Court remands the case so that the ALJ can reevaluate the weight assigned to Dr. Cunningham's opinion and determine the RFC accordingly.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Acting Commissioner is **REVERSED** and **REMANDED**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 18th day of January 2022

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE